**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3613
_____

ALIREZA BAKHTIARI,
                                              Appellant

v.

JASON MADRIGAL; PAUL POSLUZNY; JENNIFER RITCHEY;
THOMAS R. DECKER; FREDERICK J. KENT;
JOHN F. KELLY, DHS Secretary; JOHN FRAWLEY, Corr. Sergeant;
FORSHE, Corr. Sergeant; MARTIN, Corr. Sergeant;
ELISE WENZEL, Corr. Administrator; UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-00038)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 16, 2020
Before:  KRAUSE, MATEY, and ROTH, Circuit Judges

(Opinion filed: February 2, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Alireza Bakhtiari appeals from the judgment entered against him by the District Court after a jury trial. For the reasons discussed below, we will affirm.

## I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. In January 2018, Bakhtiari filed a complaint in the District Court, raising numerous claims stemming from his immigration detention at the Pike County Correctional Facility ("PCCF") in 2017. Bakhtiari named various PCCF employees and federal officials, and the United States, as defendants. Among other things, Bakhtiari alleged that his constitutional rights were violated when he was placed in solitary confinement and when he was served food by an inmate who had Hepatitis C.

The District Court dismissed the claims against the federal officials and the United States. The District Court granted summary judgment in favor of the PCCF employees on many claims. Following a trial, the jury rendered a verdict in favor of the remaining defendants on the remaining claims.

In this appeal, Bakhtiari challenges only the District Court's grant of summary judgment on: (1) his 42 U.S.C. § 1983 claims against defendant Wenzel based on his placement in solitary confinement; and (2) certain § 1983 claims against the PCCF defendants based on his being served food by the inmate who had Hepatitis C.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. See Kaucher v. County of Bucks,

2

455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Kaucher, 455 F.3d at 422–23. A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

We analyze Bakhtiari's § 1983 claims challenging the conditions of his confinement under the Due Process Clause of the Fourteenth Amendment. See E. D. v. Sharkey, 928 F.3d 299, 306–07 (3d Cir. 2019) (determining that "the legal rights of an immigration detainee [are] analogous to those of a pretrial detainee," and explaining that "[w]hen pretrial detainees challenge their conditions of confinement, we must consider whether there has been a violation of the Due Process Clause") (quotation marks and citation omitted); see also Palakovic v. Wetzel, 854 F.3d 209, 222 (3d Cir. 2017) ("[T]he Due Process Clause of the Fourteenth Amendment provides pre-trial detainees at least as much protection for personal security as the level guaranteed to prisoners by the Eighth Amendment."). To determine whether a challenged condition violates a detainee's constitutional rights, we assess whether the condition is imposed for the purpose of punishment or whether it is reasonably related to a legitimate governmental objective.

3

See Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005); Sharkey, 928 F.3d at 307. A defendant may be liable if he is aware of a condition that poses an excessive risk and he fails to "adequately respond to that risk." Sharkey, 928 F.3d at 307 (quotation marks and citation omitted); see also Bistrian v. Levi, 912 F.3d 79, 91 (3d Cir. 2018).

Here, Wenzel was entitled to summary judgment on the § 1983 claims related to Bakhtiari's placement in solitary confinement. The evidence of Wenzel's involvement in that placement was limited, essentially, to Wenzel's response to a grievance. Wenzel explained that Bakhtiari was segregated from the general PCCF population because he had engaged in conduct that violated PCCF rules. That evidence is insufficient for a reasonable factfinder to conclude that Wenzel was personally involved in the decision to place Bakhtiari in solitary confinement, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3rd Cir. 1988), let alone that Wenzel made the placement without a legitimate governmental interest or that she otherwise violated Bakhtiari's constitutional rights with the placement, see Hubbard, 399 F.3d at 159; Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).

The PCCF defendants were entitled to summary judgment on the § 1983 claims based on Bakhtiari's exposure to an inmate with Hepatitis C. The undisputed facts in the record showed that, after Bakhtiari learned that an inmate with Hepatitis C was serving food, Bakhtiari experienced anxiety and fear that he would contract Hepatitis C. He complained to defendants Martin and Frawley, and he filed a grievance. A shift commander responded to the grievance, explaining that the inmate in question was

4

cleared by the medical department to work as a unit orderly and to serve food, and that

Martin and Frawley had conferred with the medical department and were told that

Bakhtiari's concerns were unfounded. In any event, after Bakhtiari complained, officials

at PCCF reconsidered the situation and removed the inmate from his position. Bakhtiari

tested negative for Hepatitis C when he was released from PCCF.

That evidence is insufficient for a reasonable factfinder to conclude that the

defendants' purpose was to punish Bakhtiari, rather than to meet legitimate institutional

needs, when they permitted the inmate with Hepatitis C to serve Bakhtiari's food. Nor is

there sufficient evidence for a reasonable juror to conclude that the defendants' response

was deliberately indifferent to Bakhtiari's serious medical needs, nor that his food fell

below the minimal civilized measure of life's necessities. Even assuming that there was

a risk to Bakhtiari's health (despite the fact that he never contracted Hepatitis C), the

defendants — who are non-medical professionals — responded to the risk by consulting

with the medical department. They reasonably relied on the advice of medical

professionals who determined, for some time, that Bakhtiari's concerns were unfounded.

Cf. Pearson v. Prison Health Serv., 850 F.3d 526, 543 (3d Cir. 2017). Thus, the

defendants were entitled to summary judgment on these claims.[1]

---

[1] For similar reasons, the defendants were entitled to summary judgment on Bakhtiari's substantive due process and state-created danger claims based on his exposure to Hepatitis C, as there is no evidence of conduct that "shocks the conscience." See Kaucher, 455 F.3d at 425 (3d Cir. 2006); Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006). Bakhtiari has waived his remaining claims based on his exposure to Hepatitis C, including his equal protection claims. See United States v. Pelullo, 399 F.3d

Accordingly, we will affirm the judgment of the District Court.

197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").